**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **JASON VADEN,** | ) | |
| | ) | **No. 2:24-cv-00083** |
| **Plaintiff,** | ) | |
| | ) | **District Judge Crenshaw** |
| **v.** | ) | **Magistrate Judge Evans** |
| | ) | |
| **PUTNAM COUNTY, TENNESSEE,** | ) | **Jury Demand** |
| | ) | |
| **Defendant.** | ) | |

**<u>DEFENDANT'S MOTION IN LIMINE NO. 3 TO PRECLUDE ARGUMENT THAT THE COUNTY FAILED TO PROVIDE OTHER ACCOMMODATIONS</u>**

Defendant, Putnam County, Tennessee, moves in limine to preclude Plaintiff from arguing, suggesting, or introducing evidence that the County failed to offer, explore, or provide any reasonable accommodation other than the service animal Plaintiff requested. Plaintiff testified unequivocally that he would not consider, and did not try, any accommodation other than the service dog. Having taken that position, Plaintiff should not be permitted to argue to the jury that the County was obligated to identify or provide some other accommodation that Plaintiff himself refused to consider. In support, the County states as follows.

## I. Plaintiff's Testimony

At his deposition, Plaintiff was asked directly whether he considered any accommodation other than the service animal. He testified:

> *Q. … [I]n terms of your situation with requesting a service animal, you really didn't consider any other accommodations; is that right?*
> *A. Right.*
> *Q. Okay. And you didn't try anything else; is that right?*
> *A. Right.*

(Deposition of Jason Vaden (**Exhibit 1**) at pp. 160-161.) Plaintiff thus confirmed, in his own words, that the service dog was the only accommodation he would consider and the only one he pursued.

## II. The Interactive Process Is a Shared Obligation, and a Plaintiff Who Will Not Consider Alternatives Cannot Fault the Employer for Failing to Provide Them

A failure-to-accommodate claim under the ADA depends on the interactive process, a cooperative, two-way exchange between employer and employee to identify a reasonable accommodation. The obligation is mutual. An employee may not insist upon a single accommodation, decline to consider any alternative, and then premise liability on the employer's asserted failure to offer some other accommodation the employee would never have accepted. Where the employee refuses to engage with alternatives, responsibility for any breakdown in the process does not lie with the employer. See *Kleiber v. Honda of Am. Mfg., Inc.*, 485 F.3d 862 (6th Cir. 2007).

Plaintiff's own testimony establishes that he foreclosed any consideration of alternative accommodations. He is, of course, entitled to present his claim that the County should have granted the accommodation he did request. But he should not be permitted to expand that claim at trial by arguing that the County failed to offer, explore, or provide other accommodations, accommodations Plaintiff has admitted, under oath, that he would not have considered or tried.

## III. Such Argument Would Be Irrelevant and Unfairly Prejudicial

Argument or evidence suggesting the County should have provided some other, unspecified accommodation is not relevant to any disputed issue, given Plaintiff's admission that he would not consider alternatives, and it should be excluded under Federal Rule of Evidence 401. Any minimal probative value is substantially outweighed by the risk of confusing the issues and misleading the jury into believing the County bore a one-sided duty to generate

accommodations that Plaintiff had already rejected. Fed. R. Evid. 403. Permitting such argument would invite the jury to fault the County for failing to do something Plaintiff's own conduct made impossible.

## IV. <u>Relief Requested</u>

Defendant respectfully requests that the Court preclude Plaintiff, his counsel, and his witnesses from arguing, suggesting, or introducing evidence that the County failed to offer, explore, or provide any reasonable accommodation other than the service animal Plaintiff requested. This motion does not seek to preclude Plaintiff from presenting his claim that the County should have granted the service-animal accommodation he actually requested.

Respectfully submitted,


/s/ Mary Dee Allen
Mary Dee Allen (BPR #15614)
WIMBERLY LAWSON WRIGHT
DAVES & JONES, PLLC
1420 Neal Street, Suite 201
Cookeville, TN 38501

*Counsel for Defendant Putnam County*


## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of July 2026, a copy of the foregoing was filed electronically and served via the Court's CM/ECF system, and/or by email and U.S. Mail, upon counsel for Plaintiff:

R. Ethan Hargraves
Joshua R. Ward
Gary Massey Injury Lawyers, P.C.
6400 Lee Highway, Suite 101
Chattanooga, TN 37421

/s/ Mary Dee Allen
Mary Dee Allen