IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **JASON VADEN,** | ) | |
| | ) | **DOCKET NO. 2:24-CV-00083** |
| **Plaintiff,** | ) | |
| | ) | **JURY DEMANDED** |
| **v.** | ) | |
| | ) | |
| **PUTNAM COUNTY, TENNESSEE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

**PLAINTIFF'S DAMAGES BRIEF**

---

Plaintiff, Jason Vaden, by and through the undersigned counsel, pursuant to the Court's March 17, 2025, Order, requiring the parties to file briefs on "what damages are recoverable in this action and, for each, whether the Court or the jury determines the amount," states the following:

The remedies available in an ADA employment action are set forth in 42 U.S.C. § 12117(a), which incorporate the remedies available under Title VII of the Civil Rights Act of 1964. As such, a prevailing plaintiff in an ADA action may recover equitable relief (including back pay and front pay), compensatory damages, and attorneys' fees.

1. A prevailing plaintiff is entitled to backpay.

"Back pay is money awarded for lost compensation during the period between the date of the plaintiff's injury (i.e., the date on which the discriminatory course of conduct began) and the date on which damages are determined." *Szeinbach v. Ohio State Univ*., 820 F.3d 814, 820 (6th Cir. 2016). As a result, the period of backpay ends on the date judgment is entered. *Shore v. Federal Express Corp.*, 777 F.2d 1155, 1158 (6th Cir. 1985).

"[I]n the absence of exceptional circumstances, backpay should always be awarded when a Title VII violation is found." *Mosby-Meacham v. Memphis Light, Gas & Water Div.*, 883 F.3d 595, 608 (6th Cir. 2018) (discussing plaintiff's entitlement to backpay in an ADA employment case). "Sick leave, vacation pay, pension benefits and other fringe benefits the claimant would have received but for discrimination should also be awarded." *Id.* "Neither the arguable good faith of the defendant employer nor the difficulty in calculating the backpay award constitute exceptional circumstances." *Rasimas v. Michigan Dep't of Mental Health*, 714 F.2d 614 (6th Cir. 1983) (discussing a plaintiff's entitlement to back pay pursuant to Title VII in a sex discrimination context).

In *Rasimas v. Michigan Department of Mental Health*, the Sixth Circuit set forth the following principles that apply to the plaintiff's award of backpay:

- Backpay awards should completely redress the economic injury the claimant has suffered as a result of discrimination. A claimant, therefore, should receive the salary, including any raises, which he would have received but for discrimination.
- Sick leave, vacation pay, pension benefits and other fringe benefits the claimant would have received but for discrimination should also be awarded.
- Backpay awards should not be reduced by the amount of income and social security taxes which would have been deducted from the wages the claimant would have received but for discrimination.
- Backpay should be awarded even where the precise amount of the award cannot be determined. Any ambiguity in what the claimant would have received but for discrimination should be resolved against the discriminating employer.

*Id.* at 626-628.

Back pay is a form of equitable relief, and the determination of whether the plaintiff is entitled to back pay must be made by the trial court. *Figgins v. Advance Am. Cash Advance Ctrs. of Mich., Inc.*, 482 F. Supp. 2d 861, 871 (E.D. Mich. 2007). However, "the rule in this circuit is that the amount of back or front pay is to be determined by the jury." *Id.*

2. **A prevailing plaintiff is entitled to reinstatement or front pay**.

Successful plaintiffs are presumptively entitled to reinstatement. *See Shore v. Federal Express Corp.*, 777 F.2d 1155, 1159 (6th Cir. 1985). If the Court determines that back pay does not fully redress the plaintiff's injuries, and reinstatement is not possible, then front pay may be appropriate. *Id.* Front pay is not governed by a per se rule. *Id.* Instead, whether to award front pay is governed by the sound discretion of the trial court based "the standards applied to all Title VII relief: whether the award will aid in ending illegal discrimination and rectifying the harm it causes." *Id.* The amount of the front pay award is limited to the amount required to place the plaintiff in the position he would have occupied in the absence of discrimination, and the "cut-off date" is in the discretion of the trial court. *Id.*

Front pay is a form of equitable relief, and the determination of whether the plaintiff is entitled to front pay must be made by the trial court. *Figgins v. Advance Am. Cash Advance Ctrs. of Mich., Inc.*, 482 F. Supp. 2d 861, 871 (E.D. Mich. 2007). However, "the rule in this circuit is that the amount of back or front pay is to be determined by the jury." *Id.*

3. **A prevailing plaintiff is entitled to compensatory damages.**

A successful plaintiff is entitled to damages for "emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, or other nonpecuniary losses the Plaintiff experienced as a consequence of Defendant's discrimination" in an amount "fair in light of the evidence

presented at trial." *Knight v. Metro. Gov't of Nashville & Davidson County*, 136 Fed Appx. 755, 762 (6th Cir. 2005).

Compensatory damages are a legal remedy. As a result, the amount of compensatory damages must be determined by a jury. *Craddock v. FedEx Corp. Servs*., 102 F.4th 832, 841 (6th Cir. 2024).

4. A prevailing plaintiff is entitled to attorneys' fees and expenses.

The trial court has discretion to award the prevailing party attorneys' fees, litigation expenses, and costs. *Betancourt v. Indian Hills Plaza LLC*, 87 F.4th 828, 830 (6th Cir. 2023).

5. Mitigation of damages is an affirmative defense.

The defendant has pled mitigation of damages as a defense in this case. The rule of mitigation is designed "to prevent claimants from recovering for damages which they could have avoided through reasonable diligence." *Pittington v. Great Smoky Mt. Lumberjack Feud, LLC*, 880 F.3d 791, 799-800 (6th Cir. 2018). Such a plaintiff, however, is "not held to the highest standards of diligence," nor is he "require[d] [] to be successful in mitigation." *Rasimas v. Michigan Dep't of Mental Health*, 714 F.2d 614, 624 (6th Cir. 1983). Furthermore, "[t]he reasonableness of the effort to find substantially equivalent employment should be evaluated in light of the individual characteristics of the claimant and the job market." *Id.*

Failure to mitigate damages is an affirmative defense, and the burden is on the defendant to show that the plaintiff failed to mitigate his damages. *NLRB v. Jackson Hosp. Corp*., 557 F.3d 301, 308 (6th Cir. 2009). The defendant may satisfy that burden **only** by establishing that "1) there were substantially equivalent positions which were available; and 2) the claimant failed to use reasonable care and diligence in seeking such positions." *Pittington v. Great Smoky Mt. Lumberjack Feud, LLC*, 880 F.3d 791, 800-801 (6th Cir. 2018) (quoting *Rasimas v. Michigan Dep't*

*of Mental Health*, 714 F.2d 614, 624 (6th Cir. 1983)). Substantially equivalent positions are those that "afford the claimant virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status." *Rasimas v. Michigan Dep't of Mental Health*, 714 F.2d 614, 624 (6th Cir. 1983).

Respectfully submitted,

**GARY MASSEY INJURY LAWYERS, P.C.**

*/s/ Joshua R. Ward*

R. Ethan Hargraves, BPR No. 033331
Joshua R. Ward, BPR No. 031329
6400 Lee Highway, Suite 101
Chattanooga, TN 37421
Ph: 423.697.4529; F: 423.634.8886
ethan@masseyattorneys.com
josh@masseyattorneys.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was filed electronically on the 27th day of July 2026. Notice of this filing will be sent by operation of the court's electronic filing system to Mary Dee Allen, Jerome D. Pinn, and Kenneth Williams. Parties may access this filing through the court's electronic filing system.

**GARY MASSEY INJURY LAWYERS, P.C.**

*/s/ Joshua R. Ward*
R. Ethan Hargraves, BPR No. 033331
Joshua R. Ward, BPR No. 031329