**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **JASON VADEN,** | ) | |
| | ) | **No. 2:24-cv-00083** |
| **Plaintiff,** | ) | |
| | ) | **District Judge Crenshaw** |
| **v.** | ) | **Magistrate Judge Evans** |
| | ) | |
| **PUTNAM COUNTY, TENNESSEE,** | ) | **Jury Demand** |
| | ) | |
| **Defendant.** | ) | |

**<u>DEFENDANT'S BRIEF ON POTENTIALLY RECOVERABLE DAMAGES</u>**

Defendant, Putnam County, Tennessee ("Putnam County" or "the County"), by and through counsel, files this Brief on what damages are potentially recoverable in this action, and who determines what forms of relief are warranted, pursuant to the Order of the Court. Without waiving any defenses, and while continuing to deny that any award of damages would be proper in this case, Putnam County states as follows:

Plaintiff's Complaint asserts causes of action arising solely under Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.* (the "ADA"). Plaintiff alleges that the County (1) discriminated against him and discharged him because of his disability, his record of disability, or because it regarded him as disabled; (2) failed to provide a reasonable accommodation and failed to engage in the interactive process; and (3) retaliated against him for engaging in protected activity. (Doc. 1.) Plaintiff prays for lost wages and benefits, compensatory damages for emotional distress and related non-pecuniary harm, punitive damages, and attorney's fees. (Id.) The Complaint does not request reinstatement.

The ADA adopts the "powers, remedies, and procedures" of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 12117(a). The remedies available to Plaintiff are therefore the same as those available under Title VII, and are subject to the same allocation between court and jury and

the same statutory limits, with one dispositive difference addressed below: punitive damages are not available against a governmental entity such as Putnam County.

## I. **Who Determines the Relief (Court or Jury)?**

### A. **Equitable Relief (Determined by the Court)**

#### 1. **Back Pay and Front Pay**

Back pay and front pay are equitable remedies under Section 706(g) of Title VII, 42 U.S.C. § 2000e-5(g)(1), as incorporated into the ADA by 42 U.S.C. § 12117(a). *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 415-16 (1975). Because these remedies are equitable rather than legal, there is no Seventh Amendment right to a jury trial on them. They are committed in the first instance to the Court's discretion. In determining the amount, the Court considers the evidence regarding:

- Plaintiff's earnings at the time of the challenged action;
- Comparable wages for substantially equivalent positions;
- The duration of any unemployment or underemployment;
- Plaintiff's mitigation efforts and interim earnings.

The Sixth Circuit has confirmed that back pay and front pay "are considered 'equitable' rather than 'compensatory,' and are therefore not within the scope of § 1981a(b)(3)." *Szeinbach v. Ohio State Univ.*, 820 F.3d 814, 820 (6th Cir. 2016) (citing *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 852-53 (2001) (front pay), and *Reeb v. Ohio Dep't of Rehab. & Corr.*, 435 F.3d 639, 650 (6th Cir. 2006) (back pay)). See *Harris v. Richards Mfg. Co.*, 675 F.2d 811, 815 n.2 (6th Cir. 1982) ("[B]ack pay is equitable relief and the parties are, therefore, not entitled to a jury trial on that issue").

That back pay is equitable does not mean a jury can never participate in its calculation. Under Federal Rule of Civil Procedure 39(c), a court may submit an equitable issue such as back pay to a jury either for advisory findings, Fed. R. Civ. P. 39(c)(1) or, with the parties' consent, for a binding determination, Fed. R. Civ. P. 39(c)(2). See *Ruiz v. Magellan Fin.*, 2026 U.S. Dist. LEXIS 109899, at *13 (2026) ("The court … may consider submitting questions of front and back pay to a jury for advisory findings under Rule 39(c) of the Federal Rules of Civil Procedure"). The choice among these procedures rests with the Court. Putnam County respectfully submits that back pay and front pay should be determined by the Court in this case, because the amount turns on equitable considerations (the adequacy of Plaintiff's mitigation, the offset for interim earnings and amounts earnable through reasonable diligence, the safety-based and non-discharge nature of the County's action, and the limitations in § 2000e-5(g)(2)(A)) most appropriately weighed by the Court. To the extent the Court elects to submit any question of back pay or front pay to the jury, the County requests that it do so on an advisory basis under Rule 39(c)(1), reserving the ultimate determination to the Court.

**2. <u>Reinstatement</u>**

Reinstatement is an equitable remedy committed to the Court's discretion, and the Court determines whether reinstatement is appropriate or whether front pay should be awarded in its stead. *Pollard*, 532 U.S. at 846; *Suggs v. ServiceMaster Educ. Food Mgmt.*, 72 F.3d 1228, 1234 (6th Cir. 1996). Plaintiff has not requested reinstatement, and in all events it would be inappropriate here given the unresolved safety determination underlying the County's decision.

**3. <u>Injunctive Relief and Prejudgment Interest</u>**

Prospective injunctive relief and prejudgment interest on any back pay award are likewise equitable in nature and committed to the Court's discretion.

### B. Legal Relief (Determined by the Jury)

#### 1. Compensatory Damages

Compensatory damages "shall not include backpay, interest on backpay, or any other type of relief authorized under section 706(g)." 42 U.S.C. § 1981a(b)(2). They may be awarded for "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses." 42 U.S.C. § 1981a(b)(3). Subject to the statutory cap and constitutional limits, the jury determines entitlement and amount. *See EEOC v. Harbert-Yeargin, Inc.*, 266 F.3d 498, 500 (6th Cir. 2001).

#### 2. Punitive Damages — Unavailable Against the County (see Part III)

As set forth in Part III below, punitive damages are not recoverable against Putnam County as a matter of law. 42 U.S.C. § 1981a(b)(1). No punitive-damages question should be submitted to the jury.

### C. Mixed Question — Mitigation of Damages

Whether Plaintiff reasonably mitigated his damages presents a mixed question. The legal standard, that an ADA plaintiff must use reasonable diligence to obtain substantially equivalent employment, is determined by the Court, while whether Plaintiff actually exercised that diligence is ordinarily resolved by the jury. *Ford Motor Co. v. EEOC*, 458 U.S. 219, 231 (1982). The jury's finding directly limits the Court's calculation of any back pay or front pay award, because interim earnings and amounts earnable through reasonable diligence must offset such awards. *Pittington v. Great Smoky Mountain Lumberjack Feud, LLC*, 880 F.3d 791, 799-800 (6th Cir. 2018).

## II. What Damages Are Potentially Recoverable Under the ADA?

The ADA incorporates Title VII's enforcement provision, 42 U.S.C. § 2000e-5(g)(1), through 42 U.S.C. § 12117(a). The categories of relief potentially available are back pay, front

pay (or reinstatement), compensatory damages, attorney's fees, and costs. Punitive damages are not available against the County.

### A. **Back Pay**

Back pay is designed to make a prevailing plaintiff "whole — that is, to place [him] in the position [he] would have been in but for discrimination." *Pittington*, 880 F.3d at 799. It is an equitable remedy committed to the Court's discretion. *Albemarle*, 422 U.S. at 415. Back pay is reduced by "[i]nterim earnings or amounts earnable with reasonable diligence," 42 U.S.C. § 2000e-5(g)(1), and is unavailable where the plaintiff was removed "for any reason other than discrimination," 42 U.S.C. § 2000e-5(g)(2)(A). Here, back pay is subject to substantial reduction or elimination: Plaintiff's wage was approximately $35,000 per year. The County's action rested on an individualized safety determination rather than discrimination; Plaintiff was placed on leave rather than discharged. Plaintiff's failure to pursue available treatment or to seek substantially equivalent employment bears directly on mitigation.

### B. **Front Pay**

Front pay is available only "when reinstatement is inappropriate or infeasible," *Suggs*, 72 F.3d at 1234, and its availability and amount are determined by the Court under the six-factor framework of *Suggs*, including the plaintiff's work and life expectancy, the duty to mitigate, and the availability of comparable employment. Any front pay award "must be reasonably specific as to duration and amount" and reduced to present value. *Id.* at 1235. Front pay is speculative here and, like back pay, is constrained by Plaintiff's mitigation obligations.

### C. Compensatory Damages (Subject to the Statutory Cap)

Compensatory damages under the ADA are governed by 42 U.S.C. § 1981a and are subject to the combined compensatory-and-punitive cap of § 1981a(b)(3), which is set by the employer's number of employees:

- 15–100 employees: $50,000;
- 101–200 employees: $100,000;
- 201–500 employees: $200,000;
- More than 500 employees: $300,000.

Putnam County employs more than 500 persons. The applicable cap is therefore $300,000. Because punitive damages are unavailable against the County (Part III), that $300,000 ceiling applies to Plaintiff's compensatory damages alone, principally his claimed emotional distress and any future pecuniary loss. Back pay and front pay, as equitable relief, fall outside the cap. *Szeinbach*, 820 F.3d at 820. The reasonableness of any emotional-distress award remains subject to the evidence, including Plaintiff's own treatment records reflecting numerous independent stressors.

### D. Attorney's Fees and Costs

The Court, in its discretion, may award a reasonable attorney's fee, including litigation expenses and costs, to a prevailing party under the ADA's fee provision. 42 U.S.C. § 12205. Any such award is determined by the Court, not the jury.

## III. Punitive Damages Are Not Recoverable Against Putnam County

Although Plaintiff's Complaint prays for punitive damages, such damages are unavailable against the County as a matter of law, and no punitive-damages issue should be submitted to the jury.

Section 1981a expressly excludes governmental defendants from punitive liability. It authorizes punitive damages against "a respondent (other than a government, government agency or political subdivision)." 42 U.S.C. § 1981a(b)(1) (emphasis added). Putnam County is a political subdivision of the State of Tennessee, and the statute's exclusion applies directly to it.

The Supreme Court has confirmed that municipalities and other governmental entities are not subject to punitive damages under this framework. *See Barnes v. Gorman*, 536 U.S. 181, 189 (2002) (punitive damages not available in private suits under the ADA and Rehabilitation Act); *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) (municipalities immune from punitive damages absent express statutory authorization). Because § 1981a(b)(1) affirmatively excludes political subdivisions, Plaintiff cannot recover punitive damages, and the claim should not reach the jury.

This is not a matter of bifurcation or the sufficiency of the evidence, it is a categorical bar. Accordingly, the verdict form should contain no punitive-damages question, and no evidence offered solely to support punitive damages (including evidence of the County's finances, budget, or tax base) should be admitted.

**IV. <u>Summary of the County's Potential Exposure</u>**

Distilled, the potential relief in this case is as follows. Back pay and front pay are equitable remedies outside the statutory cap; because they are equitable, there is no right to a jury trial on them, and the County submits they should be determined by the Court, though the Court has discretion under Rule 39(c) to submit them to the jury on an advisory basis. Any such award is substantially limited here by Plaintiff's modest wage, his mitigation obligations, the safety-based and non-discharge nature of the County's action, and the availability of the affirmative defenses. The jury determines compensatory damages for emotional distress and any future

pecuniary loss, subject to the $300,000 statutory cap applicable to an employer of the County's size. Attorney's fees and costs, if any, are determined by the Court. Punitive damages are not recoverable against the County as a matter of law. The County continues to deny that any award of damages is warranted and reserves all defenses to liability and damages.

Respectfully submitted,

s/ Jerome D. Pinn
Mary Dee Allen, BPR No. 015614
Jerome D. Pinn, BPR No. 017848
Wimberly Lawson Wright Daves & Jones, PLLC
1420 Neal Street, Suite 201
Cookeville, TN 38501
(931) 372-9123
mallen@wimberlylawson.com
jpinn@wimberlylawson.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of July, 2026, a copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following counsel of record:

R. Ethan Hargraves, Esq.
Joshua R. Ward, Esq.
Gary Massey Injury Lawyers, P.C.
6400 Lee Highway, Suite 101
Chattanooga, TN 37421

s/ Jerome D. Pinn
Jerome D. Pinn