# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### COOKEVILLE DIVISION

| | | |
|---|---|---|
| JASON VADEN, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 2:24-cv-00083 |
| | ) | |
| PUTNAM COUNTY, TENNESSEE, | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

In anticipation of trial, Defendant Putnam County, Tennessee ("County") has filed a motion to exclude certain expert opinions of Plaintiff's treating physician, Dr. Hunter Stenzel, which is fully briefed. (Doc. Nos. 55, 56, 64). For the reasons that follow, the motion will be granted in part and denied in part.

Plaintiff brings this case under the Americans with Disabilities Act, alleging that the County failed to provide a reasonable accommodation by refusing to allow him to work with a service dog. Plaintiff disclosed Dr. Stenzel as a treating physician under Rule 26(a)(2)(C). As Plaintiff's treating physician, Dr. Stenzel may testify as both a fact witness and a nonretained expert witness. He may offer opinion testimony under Federal Rule of Evidence 701 that is rationally based on his personal knowledge and observations during treatment. United States v. Wells, 211 F.3d 988, 998 (6th Cir. 2000) (reasoning that treating physicians may provide lay opinion testimony under Rule 701 provided such testimony is based on their first-hand observations and treatments of their patients). His opinions based on specialized medical knowledge, however, are governed by Rule 702.

Defendant challenges two such opinions under Rule 702. According to the disclosure, Dr. Stenzel will testify, among other things, that "at the time of completing the letter on November 11, 2023, Plaintiff was able to perform the essential functions of his job with Defendant with or without the service dog," and that Plaintiff's "conditions were worsened after Defendant refused to allow Plaintiff to work with a service dog, and as a result therefrom." (Doc. No. 56-1 at 2). Defendant argues that Dr. Stenzel is not qualified to offer the first opinion and that both opinions are not based on sufficient facts or data or the product of reliable principles or methods. (Doc. No. 56 at 6–8).

Federal Rule of Evidence 702 governs the admissibility of an expert witness's testimony and opinions at trial. Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589 (1993). Under Rule 702:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702(a)–(d).

Under Rule 702, "a proposed expert's opinion is admissible, at the discretion of the trial court, if the opinion satisfies three requirements." In re Scrap Metal Antitrust Litig., 527 F.3d 517, 529 (6th Cir. 2008). First, the witness must be qualified by "knowledge, skill, experience, training, or education." Id. (quoting Fed. R. Evid. 702). In other words, the Court should "investigate the

competence a particular proffered witness would bring to bear on the issues, and whether it would aid the trier of fact in reaching its decision." Mannino v. Int'l Mfg. Co., 650 F.2d 846, 850 (6th Cir. 1981).

Second, the testimony must be relevant, meaning that it "will assist the trier of fact to understand the evidence or to determine a fact in issue." In re Scrap Metal, 527 F.3d at 529 (quoting Fed. R. Evid. 702). Relevance under Rule 702 is a question of "fit." Daubert, 509 U.S. at 591. The expert's reasoning and methodology must fit the facts of the case so that the testimony is helpful to the trier of fact. Id. at 591–92. When an expert's opinion offers a legal conclusion, attempts to tell the trier of fact what verdict to render, or confuses the trier of fact, it is not helpful and thus must be excluded. Woods v. Lecureux, 110 F.3d 1215, 1220 (6th Cir. 1997).

Third, the testimony "must be reliable." In re Scrap Metal, 527 F.3d at 529 (citing Fed. R. Evid. 702). To determine reliability under Rule 702, the Court must determine not "whether [the expert's opinion] is correct, but rather [] whether it rests upon a reliable foundation, as opposed to, say, unsupported speculation." Id. at 529–30. "[T]he key handholds of Rule 702" must be remembered: "[t]o be admissible, any relevant scientific or technical evidence must be the 'product of reliable principles and methods' and must have been 'reliably applied' in the case." Id. (quoting Fed. R. Evid. 702(c), (d)).

In evaluating these requirements, the Court acts as the "gatekeeper" of the expert opinion evidence, Gen. Elec. Co. v. Joiner, 522 U.S. 136, 142 (1997), a function it must exercise "with heightened care." United States v. Cunningham, 679 F.3d 355, 380 (6th Cir. 2012) (quotations omitted). The Court will not exclude expert testimony "merely because the factual bases for an expert's opinion are weak." Andler v. Clear Channel Broad., Inc., 670 F.3d 717, 729 (6th Cir. 2012) (citations omitted). Indeed, Rule 702 does not "require anything approaching absolute

3

certainty." Tamraz v. Lincoln Elec. Co., 620 F.3d 665, 671–72 (6th Cir. 2010) (citing Daubert, 509 U.S. at 590). Under Daubert, experts are "permitted wide latitude in their opinions, including those not based on firsthand knowledge, so long as the expert's opinion has a reliable basis in the knowledge and experience of the discipline." Dilts v. United Grp. Servs., LLC, 500 F. App'x 440, 445 (6th Cir. 2012) (quoting Daubert, 509 U.S. at 592). Still, Daubert and Rule 702 require that "the expert testimony be derived from inferences based on a scientific method and that those inferences be derived from the facts of the case at hand," Jahn v. Equine Servs. PSC, 233 F.3d 382, 390 (6th Cir. 2000), and the expert's knowledge must be based on "more than subjective belief or unsupported speculation." Tamraz, 620 F.3d at 670 (citation and quotations omitted).

Lastly, and of note, the party offering expert testimony bears the burden of establishing its admissibility by a preponderance of the evidence. Pride v. BIC Corp., 218 F.3d 566, 578 (6th Cir. 2000) (citing Daubert, 509 U.S. at 592 n.10); see Sigler v. Am. Honda Motor Co., 532 F.3d 469, 478 (6th Cir. 2008).

With those principles in mind, the Court first considers Dr. Stenzel's opinion that Plaintiff "was able to perform the essential functions of his job with Defendant with or without the service dog." (Doc. No. 56 at 2).

Plaintiff has not established by a preponderance of the evidence that Dr. Stenzel is qualified to offer that opinion. Dr. Stenzel testified that he is a family physician, has never performed a functional capacity evaluation, has no specialized training in evaluating whether individuals can safely perform work involving heights, ladders, bucket trucks, or electrical hazards, and refers patients elsewhere for functional-capacity evaluations. (Doc. No. 56-2 at 34–35). Dr. Stenzel does not have the Rule 702(a) knowledge, skill, experience, training, or education to opine on

4

whether Plaintiff could perform the essential functions of the County's maintenance technician position.

Nor has Plaintiff established by a preponderance of the evidence that this opinion is based on sufficient facts or data. Dr. Stenzel testified that he had not reviewed Plaintiff's job description, did not know Plaintiff's job responsibilities except to a "loose extent," and understood the position only as involving "general handyman type of services." (Doc. No. 56-2 at 46–48). An expert cannot reliably opine that Plaintiff could perform the essential functions of a particular position without knowing those essential functions. Plaintiff has not established by a preponderance of the evidence that this opinion satisfies Rule 702(b). See Davis v. Sig Sauer, Inc., 126 F.4th 1213, 1224–26 (6th Cir. 2025); In re Scrap Metal, 527 F.3d at 530–31; Jahn, 233 F.3d at 390.

Plaintiff has, however, established by a preponderance of the evidence that Dr. Stenzel may testify that Plaintiff's "conditions were worsened after Defendant refused to allow Plaintiff to work with a service dog, and as a result therefrom." (Doc. No. 56-1 at 2). That opinion arises directly from his diagnosis and treatment of Plaintiff. Defendant's arguments that Dr. Stenzel relied on Plaintiff's self-report, failed to review certain records, and did not account for alternative stressors challenge the factual basis for the opinion rather than its admissibility. Those criticisms go to weight, not admissibility. See Davis, 126 F.4th at 1224–26; In re Scrap Metal, 527 F.3d at 531; Jahn, 233 F.3d at 390.

Accordingly, Defendant's motion to exclude (Doc. No. 55) is **GRANTED IN PART** and **DENIED IN PART**. Neither party can ask Dr. Stenzel about Plaintiff's ability to perform the essential function of his job. However, Dr. Stenzel can testify about Plaintiff's condition after Defendant rejected Plaintiff's use of a service dog.

5

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE