**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **JASON VADEN,** | ) | |
| | ) | **No. 2:24-cv-00083** |
| **Plaintiff,** | ) | |
| | ) | **District Judge Crenshaw** |
| **v.** | ) | **Magistrate Judge Evans** |
| | ) | |
| **PUTNAM COUNTY, TENNESSEE,** | ) | **Jury Demand** |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION TO LIMIT PLAINTIFF'S BACK-PAY CLAIM AS OF HIS SOCIAL SECURITY ALLEGED ONSET DATE**

Defendant Putnam County, Tennessee ("the County") respectfully moves the Court to limit Plaintiff Jason Vaden's claim for back pay so that no back pay may be awarded for any period on or after January 22, 2024, the date Plaintiff represented to the Social Security Administration ("SSA") that he became unable to work. In support, the County states as follows.

## I. Introduction and relief requested

Back pay compensates a plaintiff for wages lost during a period in which he was ready, willing, and able to work but for the employer's challenged conduct. Plaintiff has sworn to a federal agency (subject to federal criminal penalties for false statements) that, as of January 22, 2024, he was unable to work at all. He cannot recover, as back pay, wages for a period during which he has represented under the Social Security Act that he could not have worked in any event. The County therefore asks the Court to limit any back-pay award to the period ending January 22, 2024, and to preclude the jury from awarding back pay for any period on or after that date.

## II. Plaintiff's sworn representation to the Social Security Administration

Plaintiff applied for Social Security disability benefits, and his Adult Disability Report (Form SSA-3368) and the related field-office report (Form SSA-3367) are in evidence as Joint

Exhibits 16 and 17. On the SSA-3368 form, Plaintiff alleged a disability onset date of January 22, 2024. Joint Ex. 17. The Adult Disability Report reflects, in Section 12, that the report was completed by Plaintiff himself. In it, Plaintiff represented that he stopped working on January 22, 2024 "[b]ecause of [his] condition(s)," and that, as of the report, he "can hardly even leave [his] house anymore." *Id.* at Section 4(c) and 6(d).

The forms leave no doubt what an alleged onset date represents. The Adult Disability Report (Form SSA-3368-BK (06-2024)) (https://www.ssa.gov/forms/ssa-3368-bk.pdf) itself defines the term for the applicant: "'Disability' under Social Security is based on your inability to work," and "so when we ask 'when did you become unable to work,' we are asking when you became disabled as defined by the Social Security Act." *Id.* (Form SSA-3368, introductory instructions). By alleging an onset date of January 22, 2024, Plaintiff represented that he became unable to work as of that date.

The Social Security Administration's own policy confirms that the alleged onset date is the claimant's own representation. Under the agency's Program Operations Manual System, the alleged onset date "is always the date the claimant alleges he or she became unable to work because of his or her medical condition, whether or not that date appears to be appropriate." POMS DI 25501.210(A)(1) (Exhibit 1) (https://secure.ssa.gov/poms.nsf/lnx/0425501210). The claimant supplies the date; agency personnel merely record it. *Id.* (A)(2), (B)(1)-(2) ("The TSC records the claimant's AOD on the Create a New Lead (CANL) screen"; "The FO obtains the AOD from the claimant and establishes a POD, if necessary. The FO also records the claimant's AOD in Modernized Claim System (MCS) and Modernized Supplemental Security Income Claims System (MSSICS)"). The alleged onset date is thus Plaintiff's allegation, not the interviewer's, and it is the date Plaintiff alleged he became unable to work.

## III. A plaintiff who has represented that he is unable to work cannot recover back pay for that period

A sworn representation of total disability to the Social Security Administration bears directly on an ADA plaintiff's case. As the Supreme Court held in *Cleveland v. Policy Management Systems Corp.*, "a plaintiff's sworn assertion in an application for disability benefits that she is, for example, 'unable to work' will appear to negate an essential element of her ADA case — at least if she does not offer a sufficient explanation." 526 U.S. 795, 806 (1999). The plaintiff "cannot simply ignore the apparent contradiction" and "must proffer a sufficient explanation." *Id.*

The same principle governs back pay, and with particular force, because back pay is available only for a period in which the plaintiff was able and willing to work. *See, e.g., Rivera v. NIBCO, Inc.,* 384 F.3d 822, 832 (9th Cir. 2004)("courts have held that a precondition for a claim for backpay and reinstatement or front pay under Title VII is that the plaintiff be in all manner ready, willing and legally capable of performing alternate work at the commencement and through the backpay period").

A plaintiff who has represented under oath that he was unable to work as of a date certain cannot recover wages, as back pay, for the period following that date, absent a sufficient explanation reconciling the two positions. To award back pay for a period the plaintiff has sworn he could not have worked would require the jury to disregard his own representation and to speculate that he could have worked despite it, speculation the evidence does not support and the law does not permit.

Plaintiff has offered no sufficient explanation to reconcile his sworn representation of inability to work with a claim for back pay for the same period. The only explanation available to him, that he could have worked with the service animal as an accommodation, does not reconcile

the two positions: his own treating providers testified that the service animal does not prevent his dissociative episodes, and he represented that he could not work while he already had the animal. There being no sufficient explanation, back pay for the period on or after January 22, 2024 is unavailable.

## IV. **The limitation is a legal question for the Court**

The availability of back pay for a given period, in light of Plaintiff's sworn representations, is a legal question appropriately resolved by the Court. Limiting the recoverable back-pay period does not resolve liability; it addresses only the wages the jury may be permitted to award. The County requests that the Court determine, as a matter of law, that no back pay may be awarded for any period on or after January 22, 2024, and instruct the jury accordingly.

## V. **Candor as to the record**

The County acknowledges the following, and submits that none of it changes the result. First, Plaintiff has testified that a Social Security employee entered the onset date during a teleclaim interview. But the alleged onset date is, by the agency's own definition, the claimant's allegation, recorded by agency personnel. The Adult Disability Report bearing the January 22, 2024 date and the accompanying representations reflects, in Section 12, that Plaintiff completed it. Second, the report is dated July 13, 2026, and Plaintiff may argue that its present-tense statements describe his condition in 2026 rather than in 2024. But the alleged onset date is, by definition, the date Plaintiff alleged he became unable to work, January 22, 2024, and Plaintiff adopted that date. The County raises these points so the record is complete and preserves this issue for all purposes.

## VI. Conclusion

For these reasons, the County respectfully requests that the Court limit Plaintiff's back-pay claim to exclude any period on or after January 22, 2024, and preclude the jury from awarding back pay for any such period.

Respectfully submitted,

s/ Jerome D. Pinn
Mary Dee Allen, BPR No. 15614
Ken Williams, BPR No. 10678)
Jerome D. Pinn, BPR No. 17848
Wimberly Lawson Wright Daves & Jones, PLLC
1420 Neal Street, Suite 201
Cookeville, TN 38501
(931) 372-9123
mallen@wimberlylawson.com
kwilliams@wimberlylawson.com
jpinn@wimberlylawson.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of August, 2026, a copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following counsel of record:

R. Ethan Hargraves, Esq.
Joshua R. Ward, Esq.
Gary Massey Injury Lawyers, P.C.
6400 Lee Highway, Suite 101
Chattanooga, TN 37421

s/ Jerome D. Pinn
Jerome D. Pinn